UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| TONIA L. MASON, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|         v. | )  2:21-cv-00241-JDL |
| | ) |
| RECOVER TOGETHER, INC., | ) |
| | ) |
|    Defendant. | ) |

**ORDER ON PLAINTIFF'S MOTIONS TO REMAND AND AMEND COMPLAINT**

The Plaintiff, Tonia Mason, seeks to remand this matter to the Maine Superior Court (ECF No. 8). The case was removed to this Court under the diversity jurisdiction statute, 28 U.S.C.A. § 1332(a) (West 2021).[1] Mason also seeks to amend her complaint to stipulate that her claim does not exceed $75,000 (ECF No. 14). Defendant, Recover Together, Inc. ("Recover Together"), opposes Mason's motions (ECF No. 9). For the reasons that follow, I deny Mason's Motion to Remand and Motion to Amend Complaint.

## I. BACKGROUND

Mason originally filed this action in the Maine Superior Court for Cumberland County on August 5, 2021 alleging that her former employer, Recover Together, discriminated against her on the basis of sex in violation of the Maine Human Rights Act, 5 M.R.S.A. § 4572(1) (West 2021). Mason's initial complaint was silent with

---

[1] Defendant Recover Together, Inc.'s Notice of Removal (ECF No. 1) asserts that the court has diversity jurisdiction because the amount-in-controversy exceeds $75,000 and complete diversity of citizenship exists.

1

respect to the amount of damages sought, which is in keeping with Maine's statutory prohibition on specifying a dollar amount or figure in the ad damnum clause of a complaint. 14 M.R.S.A. § 52 (West 2021). Recover Together removed the case to this Court under 28 U.S.C.A. § 1441 (West 2021) on August 25, 2021, claiming diversity of citizenship and an amount in controversy exceeding $75,000 under 28 U.S.C.A. § 1332.

On August 31, 2021, Mason filed her Motion to Remand (ECF No. 8), and on September 23, 2021 filed a Motion to Amend Complaint (ECF No. 14). In the proposed amended complaint, Mason twice stipulates that the amount sought "does not exceed the sum of $75,000.00 exclusive of interest and costs." ECF No. 14-1 at 3. In response, Recover Together argues that jurisdiction attached at the time of removal because the amount in controversy exceeded the statutory threshold at the time the original complaint was filed, and that therefore Mason should not be permitted to amend her complaint and the motion for remand must be denied.

The crux of the issue presented is whether Mason may avoid federal diversity jurisdiction by amending her complaint, after removal, to limit her claim for damages to less than the minimum amount in controversy required to sustain diversity jurisdiction under 28 U.S.C.A. § 1332(a).

## II.  DISCUSSION

### A.  Whether the Motion to Remand Should be Granted

Federal district courts exercise diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000" so long as complete diversity exists between the parties. 28 U.S.C.A. § 1332(a). A defendant

2

may remove a case originally filed in state court to federal district court under 28 U.S.C.A. § 1441. Removal under diversity jurisdiction is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C.A. § 1446(c)(2)(B) (West 2021). The burden of establishing jurisdiction rests with the party invoking the jurisdiction of a federal court. *Jonson v. Fed. Deposit Ins.*, 877 F.3d 52, 56 (1st Cir. 2017). The amount in controversy is properly measured "by a reasonable reading of the value of the rights being litigated." *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993).

When the amount in controversy is disputed, the issue governing jurisdiction "is whether the record establishes that the litigation value of Plaintiff's claim, at the time of removal, was in excess of $75,000." *Vradenburgh v. Wal-Mart Stores, Inc.*, 397 F. Supp. 2d 76, 78 (D. Me. 2005) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293-94 (1938)). "In determining whether the amount in controversy element is satisfied, the Court considers whether, taking all reasonable inferences in favor of Plaintiff's Complaint, the Court is persuaded by a preponderance of the evidence that the litigation value of the case exceeds $75,000." *Id.* Although the plaintiff may prevent removal by clearly indicating in the complaint that she will not seek an amount in excess of the jurisdictional threshold, once a case "is legitimately removed to federal court, the Plaintiff cannot by subsequent agreements, stipulations or amendments reducing the amount of his claim, divest the federal court of jurisdiction because such a result would defeat the Defendant's statutory right of removal after it has vested." *Id.* (citing *St. Paul Mercury Indem. Co.*, 303 U.S. at 293-94). Although Mason relies on *Satterfield v. F.W. Webb, Inc.*, 334 F. Supp. 2d 1

3

(D. Me. 2004), to argue that her case must be remanded back to state court, that case is readily distinguished.

In *Satterfield*, the plaintiff brought a state court action against her employer for alleged violations of the Maine Human Rights Act, and the employer removed the case to federal court, claiming diversity. *Id.* at 2. The court addressed the issue of whether a plaintiff bringing an action under the Maine Human Rights Act may avoid federal jurisdiction by limiting her claim for damages to less than $75,000. *Id.* at 1. Unlike Mason, the plaintiff in *Satterfield* clearly asserted in her initial complaint that she sought damages in an amount less than $75,000, she reiterated this in her motion to remand, she explicitly demanded less than $75,000 in damages in her amended complaint, and she stipulated in an affidavit attached to her amended complaint that she sought less than $75,000 in relief. *Id.* at 1-2. Even though the defendant challenged the plaintiff's stipulations regarding the amount in controversy, in its answer to the second amended complaint the defendant admitted that the plaintiff was not entitled to relief in excess of $75,000. *Id.* at 2. Based on these facts, the court found that remand was proper, as the plaintiff had "done everything permissible" from the beginning of the action to limit her claim to $75,000 despite Maine's statutory prohibition on stating a dollar figure in the ad damnum clause of the complaint. *Id.* at 3.

In Mason's complaint, she seeks damages for back pay, front pay, benefits; prejudgment interest; compensatory and punitive damages; and interest, costs, expert witness fees, and attorney's fees. Mason alleges that, "[a]s a direct and proximate result [of] Defendant's unlawful discrimination and harassment against

4

Plaintiff, she has suffered, and will continue to suffer, lost wages, lost benefits, lost earning capacity, loss of enjoyment of life, injury to reputation, injury to career, humiliation, emotional distress, and other pecuniary and non-pecuniary losses." ECF No. 3-5 ¶ 15. Mason's original complaint, unlike the complaint in *Satterfield*, does not stipulate that damages are limited to less than $75,000. Thus, it does not show a clear intent, prior to the removal, to limit damages to under $75,000.

Additionally, unlike *Satterfield*, Mason made no binding stipulations with her motion for remand limiting her damages to an amount below the statutory threshold. Nor has Recover Together admitted, at any stage of this litigation, that Mason's claim is reasonably valued at less than $75,000. Instead, Recover Together plausibly alleged in its Notice of Removal that back pay alone, if awarded, would potentially exceed $62,000. In addition, because the complaint seeks damages for a host of other pecuniary and non-pecuniary losses, attorney's fees, and punitive damages, Recover Together persuasively argues that the complete array of damages Mason seeks pushes the amount in controversy well over $75,000. In keeping with this argument, Recover Together's Notice of Removal includes documents supporting its assertion that the amount in controversy exceeds $75,000, including Mason's offer letter confirming her salary, her exit interview listing her termination date, and Mason's original complaint.

On the record before me, Recover Together has satisfied its burden of establishing that the amount in controversy exceeded $75,000 at the time of removal. Accordingly, I turn to whether Mason should be permitted to amend her complaint at this juncture to make certain that any recovery will not be greater than $75,000.

**B.     Whether Mason May Amend Her Complaint**

A party may amend its pleading once as a matter of course within 21 days after it has been served.  Fed. R. Civ. P. 15(a)(1)(A).  Because the time period for Mason to amend her complaint as a matter of course expired, she may amend "only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires."  Fed R. Civ. P. 15(a)(2).  However, "this does not mean . . . that a trial court must mindlessly grant every request for leave to amend." *Nikitine v. Wilmington Tr. Co.*, 715 F.3d 388, 390 (1st Cir. 2013) (quoting *Aponte–Torres v. Univ. of P.R.*, 445 F.3d 50, 58 (1st Cir. 2006)).  A district court need not grant leave to amend when such leave is requested for reasons of "undue delay, bad faith, futility, [or] the absence of due diligence on the movant's part."  *Id.* (alteration in original) (quoting *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006)). Further, "a party may not employ Rule 15(a) to interpose an amendment that would deprive the district court of jurisdiction over a removed action."  6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1477 (3d ed. 2021).

Mason argues that her motion to amend should be granted because she never intended to seek more than $75,000 in damages, and she was prohibited by Maine statute—14 M.R.S.A. § 52—from specifying a demand amount.  Thus, she asserts, she had no opportunity to limit the amount of the money damages she seeks prior to the removal of the case to Federal Court.  She contends that her proposed amended complaint serves to clarify the amount in controversy and is not intended to divest this court of jurisdiction that had already attached.  Recover Together responds that

6

Mason's proposed amended complaint does not allege any new facts that provide additional insight as to the potential damages that may be recovered, and that, on their face, the requests for relief in the original complaint fairly suggest that the amount of damages to be awarded will exceed $75,000 if Mason is successful. Recover Together has the better argument.

Mason's proposed amended complaint expressly disclaims any recovery in excess of $75,000, yet the disclaimer is insufficient to defeat diversity jurisdiction because it does not contain any new or revised allegations supporting the assertion that, at the time of filing, the litigation value of the claim is less than $75,000. As I have noted, Recover Together demonstrated in its Notice of Removal that the demand for back pay alone amounts to at least $62,000, and it is reasonable to project that the proposed amended complaint's demand for front pay; lost benefits; prejudgment interest; compensatory damages and punitive damages; interest; costs; expert witness fees; and attorney's fees puts the amount in controversy in excess of $75,000. Thus, the proposed amendment is not a permissible clarification of an ambiguous amount in controversy, but instead represents an effort to cap damages to avoid federal diversity jurisdiction. Accordingly, Mason's motion to amend is properly denied because the proposed amendment pursuant to Rule 15(a) seeks to deprive the district court of jurisdiction over a removed action.

## III.  CONCLUSION

For the foregoing reasons, it is **ORDERED** that Mason's Motion to Amend Complaint (ECF No. 14) and Motion to Remand (ECF No. 8) are **DENIED**.

**SO ORDERED.**

**Dated: December 8, 2021.**

     /s/ JON D. LEVY  
**CHIEF U.S. DISTRICT JUDGE**
